FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEVIN CRISTIAN CURTIS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SGT. DON ANDERSON, SGT. RASHEED BEN-SULTANA, C/O SMITH, and C/O MOSEMAN,<br><br>　　　　　　　Defendants. | NO. 2:25-CV-0074-TOR<br><br>ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

　　　BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment and Sanctions (ECF No. 28).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment and Sanctions (ECF No. 28) is DENIED in part.

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

This case arises out of alleged violations of Plaintiff's constitutional rights including, deliberate indifference to a serious medical need and cruel and unusual punishment under the Eighth Amendment, retaliation under the First Amendment, and violation of the Sixth Amendment right to counsel. ECF No. 1. On September 29, 2025, Plaintiff moved for Partial Summary Judgment and Sanctions. ECF No. 28. On September 30, 2025, the Court ordered the Parties to Meet and Confer and File a Joint Status Report. ECF No. 29.

Plaintiff requests summary judgment for Defendants' affirmative defenses. ECF No. 28. In addition, Plaintiff asks the Court to impose sanctions on Defendants for failure to timely file their answer. ECF No. 28 at 1. Plaintiff furthers that Defendants' answer should be struck and an entry of default. ECF No. 28 at 1-2, 4.

## DISCUSSION

**A. Summary Judgment**

Federal Rule of Civil Procedure Rule 56 governs summary judgment. FED. R. CIV. P. 56. Typically, the Court will consider summary judgment motions with "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1542 (9th Cir. 1988). Regardless of whether

these are available, a party may move for summary judgment 20 days after the filing of the complaint. FED. R. CIV. P. 56(a); *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003). However, under Rule 56(d), a nonmoving party may show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. FED. R. CIV. P. 56(d); *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 661–62 (9th Cir. 2020) (citation omitted). In that case, "the [C]ourt may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d); *InteliClear, LLC,* 978 F.3d at 662 (citation omitted). Furthermore, district courts may grant Rule 56(d) motions if a summary judgment motion is filed too early before one of the parties "has had any realistic opportunity to pursue discovery relating to its theory of the case." *Jacobson v. United States Dep't of Homeland Sec.*, 882 F.3d 878, 883 (9th Cir. 2018) (citation omitted).

Plaintiff states that summary judgment should be granted for Defendants' affirmative defenses. ECF No. 28 at 1-2. Defendants' answer was due on September 12, 2025, and they filed on September 15, 2025. Defendants state that this motion is premature and should deny Plaintiff's Motion. ECF No. 30 at 10-11.

This motion is premature. The parties have not met and conferred for a joint scheduled status report, nor has the Court ordered a scheduling order. While

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

1  Plaintiff met the requirement under Rule 56(a), deadlines are not set, discovery has
2  not commenced, and the record is limited.  The Court does not have anything
3  beyond the initial pleadings to consider for this motion.  For these reasons, the
4  Court defers Plaintiff's Motion for Partial Summary Judgment.

5  **B. Sanctions**

6  Sanctions should only be imposed in extreme circumstances due to their
7  harsh nature.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).
8  Sanctions may be proper for disobeying a discovery order.  FED. R. CIV. P. 37.
9  However, "a one-time, two-day delay in filing opposition papers, even if
10 unexcused, does not amount to 'recklessness, gross negligence, repeated-although-
11 unintentional-flouting of court rules, or willful misconduct' that would warrant
12 monetary sanctions against counsel, much less dismissal of the underlying action."
13 *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000) (quoting
14 *Zambrano v. City of Tustin,* 885 F.2d 1473, 1480 (9th Cir. 1989)).

15 Plaintiff contends the Court should impose sanctions on Defendant for filing
16 answer a few days late.  ECF No. 28 at 1-2.  Plaintiff does not cite any authority
17 for this request.  ECF No. 28.  Defendants' answer was due on September 12,
18 2025, and they filed on September 15, 2025.  Defendants state the Court should not
19 impose sanctions for a simple delay.  ECF No. 30 at 2-5.  Additionally, Defendants
20 state that the case law does not support sanctions in this situation.  ECF No. 30 at

5.

The Court agrees that the case law establishes a short delay in filing does not usually warrant any form of sanctions. Sanctions are not warranted for something as simple and small as a delay in filing. *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000). However, a pattern of late filings and consistent delays may warrant sanctions. *Id.* Nevertheless, this is not the case here.

Additionally, Plaintiff asks the Court to enter an order of default and for Defendants' answer to be struck. ECF No. 28 at 1-2, 4. Again, Plaintiff does not state any authority for this request. ECF No. 28.

Typically, these of type sanctions are for violations of discovery orders. FED. R. CIV. P. 37; See *Davis v. Fendler*, 650 F.2d 1154, 1159 (9th Cir. 1981). However, discovery has not commenced. Therefore, this is inapplicable. The Court denies Plaintiff's requests for the pleadings to be struck or an entry of default.

/

/

/

/

/

/

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment and Sanctions (ECF No. 28) is **DENIED in part.** The Court **DEFERS RULING** of Plaintiff's Motion for Summary Judgment until it may properly be considered and is in accordance with the Court's Scheduling Order.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED November 24, 2025



THOMAS O. RICE
United States District Judge